1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, DANTE DIFRANCESCO, RALPH CARBONE, AND DAVID BACHRACH, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. C-06-4068 MMC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING FINAL APPROVAL HEARING**<br><br>Date:     August 25, 2006<br>Time:     9:00am<br>Place:    Courtroom 7, 19th Floor<br><br>Judge:   **HONORABLE MAXINE M. CHESNEY** |

The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a final approval hearing, came on for hearing on or about August 25, 2006. The Court has considered the Amended Joint Stipulation of Settlement and Release and [Proposed] Notice to Class Members (and attached exhibits), the Addendum of August 25, 2006 to the Amended Joint Stipulation of Settlement, the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

    1.      All defined terms contained herein shall have the same meanings as set forth in the Amended Joint Stipulation of Settlement and Release executed by the Settling Parties

and filed with this Court (the "Amended Joint Stipulation");

2.     The Class Representatives and UBS, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Amended Joint Stipulation not ultimately be approved or should the Effective Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Joseph Glass, Dante DiFrancesco, Ralph Carbone and David Bachrach are typical of the claims of the members of the proposed Class; (d) Class Representatives Joseph Glass, Dante DiFrancesco, Ralph Carbone and David Bachrach will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class;

4.     The moving parties have presented to the Court for review an Amended Joint Stipulation of Settlement and Release.  The Amended Joint Stipulation is within the range of reasonableness and meets the requirements for preliminary approval;

5.     The filing of the Amended Joint Stipulation for purpose of providing Class Action Fairness Act notice to the appropriate Federal and State Officials is August 25, 2006; and

6.     The moving parties have also presented to the court for review a plan to

Case No.  C 06 4068 MMC

-2-

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT AND SETTING
SETTLEMENT HEARING

provide notice to the proposed Class of the terms of the settlement and the options facing the Class including, *inter alia*: to opt in to the class action with respect to claims under the fair Labor Standards Act; to be excluded from the class action; to be represented by counsel of their choosing; to remain in the Settlement class, and/or to be a Participating Claimant.  The notice will be mailed to all Class Members at their Last Known Addresses.  The notice plan proposed by the Settling Parties is the best practical under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Amended Joint Stipulation of Settlement and Release is preliminarily approved and the Class is provisionally certified;

2.  Notice of the proposed settlement, and the rights of Class Members to consent to join the settlement, to opt out of the settlement, or to become a Participating Claimant, shall be given by mailing of the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Joint Stipulation.  The Notice shall be mailed to all Class Members no later than September 22, 2006.  UBS shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Joint Stipulation;

3.  No later than December 22, 2006, the parties shall file a joint motion for final approval of the settlement, and a motion for attorneys' fees.

4.  A hearing shall be held before this court on January 19, 2007 at 9:00 a.m. to consider whether the settlement should be given final approval by the Court;

(a)  Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel, on or before the Notice Response Deadline;

(b)  At the Settlement Hearing, Class Members may be heard orally in support

of the settlement, or in opposition to the settlement, provided they submitted a timely written objection;

(c)     Class Counsel and counsel for UBS should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

5.     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims as set forth in the Joint Stipulation.  In the event that the Effective Date does not occur for any reason whatsoever, the Joint Stipulation shall be deemed null and void and shall have no effect whatsoever.

IT IS SO ORDERED.

DATED: August 25, 2006

_____
The Honorable Maxine M. Chesney
United States District Judge