M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com
MICHAEL M. PFYL (SB# 240925) michaelpfyl@paulhastings.com
MOLLY A. HARCOS (SB# 233556) mollyharcos@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, DANTE DIFRANCESCO, RALPH CARBONE, AND DAVID BACHRACH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C-06-4068 MMC<br><br>**DEFENDANT'S MEMORANDUM REQUESTING THE COURT ALLOW LAWRENCE R. KAUFMANN TO WITHDRAW HIS OBJECTIONS TO THE SETTLEMENT** |

## I. INTRODUCTION

On September 26, 2006, Lawrence R. Kaufmann filed an objection to a different class action settlement before this court: *Bowman v. UBS*. (*See* Objections of Lawrence R. Kaufmann to Proposed Settlement and Notice of Intention To Appear At Settlement ("*Bowman* Objection"), *Bowman* Docket No. 81.) Mr. Kaufmann also filed a Motion to Intervene in both the *Bowman* and *Glass* actions on October 14, 2006. (*See* Objector Lawrence R. Kaufmann's Motion to Intervene ("Motion to Intervene"), Docket No. 37.) However, on November 15, 2006, Mr. Kaufmann notified the Court that he had reached an agreement with UBS on November 7, 2006, wherein he agreed to: 1) withdraw his objection to the *Bowman* settlement; 2) withdraw his motion to intervene in *Bowman* and *Glass*; 3) refrain from filing any further objections to the *Bowman* settlement; 4) refrain from making any objection to the *Glass* settlement; 5) not appear at either final approval hearing; 6) not appeal the final settlements in either action; and 7) opt-in to the *Glass* settlement. (*See* Declaration of Lawrence R. Kaufmann in Support of Letter filed by Lawrence R. Kaufmann ("Kaufmann Declaration"), Docket No. 84 ¶ 4.) In exchange, UBS forgave the outstanding balance of a loan that Mr. Kaufmann owed to the Company. (*Id.*) Notably, although Mr. Kaufmann had indicated in his *Bowman* Objection that he expected to file a similar objection to the *Glass* Settlement at a later date, pursuant to the agreement he reached with UBS on November 7, 2006, he did not do so.

On November 16, 2006, the Court issued an order acknowledging that Mr. Kaufmann had withdrawn his objection to the *Bowman* settlement and his Motion to Intervene in *Bowman* and *Glass*. (*See* Order Re: Lawrence R. Kaufmann's Withdrawal of Motion to Intervene and Objection to Settlement ("November 16th Order"), Docket No. 92.) In its November 16th Order, however, the Court noted that Mr. Kaufmann's Motion to Intervene included various objections to the *Glass* settlement, and a class member's objections to a proposed class action settlement "may be withdrawn only with the court's approval." (*Id.*) Accordingly, the Court gave the parties an opportunity to brief the issue of whether the Court should approve Mr. Kaufmann's request to withdraw his objections or consider them at the January 19, 2007 fairness hearing. (*Id.*)

UBS respectfully requests that the Court issue an order finding that Mr. Kaufmann did not file a valid "objection" to the proposed settlement or, in the alternative, that Mr. Kaufmann's request to withdraw his objections is granted.

## II.    ARGUMENT

### A.    Mr. Kaufmann's Never Filed An "Objection" To The *Glass* Settlement.

The procedures for making a valid objection in the *Bowman* and *Glass* settlements were virtually identical. Both the "Notice of Pendency of Class Action Settlement" in *Bowman* and *Glass* required objecting class members to send a written notice of objection to the court, class counsel, and defense counsel, stating their full name, address, date of birth and dates of employment at UBS, the specific reasons they were objecting, and whether they intended to appear at the final approval hearing. (*See* Exhibits Re Preliminary Approval of the Settlement On August 25, 2006, Docket No. 27; *see also* Exhibit 1 to Declaration David C. Holland in Support of Motion for Settlement, *Bowman* Docket No. 91.) Mr. Kaufmann clearly knew of these requirements because he complied with them when he filed his *Bowman* Objection. Logically, because Mr. Kaufmann knew the procedure for filing an objection and followed that procedure with respect to *Bowman* but *not* with respect to *Glass*, the Court may infer that he elected not to file an objection to the *Glass* settlement.

Furthermore, Mr. Kaufmann recognized the difference between an objection and a motion to intervene because he filed *both* in the *Bowman* action. If Mr. Kaufmann had intended to intervene *and* object to the *Glass* settlement, as he did in *Bowman*, he would have filed both a motion to intervene *and* an objection to the *Glass* settlement, as he did in *Bowman*. But he did not. He only filed a Motion to Intervene in *Glass*. Thus, it is logical to assume that Mr. Kaufmann did not in fact object to the *Glass* settlement.

More importantly, the Court does not have to infer that Mr. Kaufmann did not file an objection to the *Glass* settlement — he explicitly acknowledges that fact himself. In Mr. Kaufmann's Declaration he states that as part of the agreement he reached with UBS, he would:

- Withdraw with prejudice the "Objection of Lawrence R. Kaufmann to Proposed Settlement and Notice of Intention to Appear at Settlement Hearing" filed on September 21,

2006 in *Bowman*;

- Withdraw with prejudice the "Motion to Intervene, for Consolidation and for Other Relief" filed on October 13, 2006 in *Bowman* and *Glass*;

- Not file any *other* objections to the Proposed *Bowman* Settlement or to file *an* objection to the Proposed Glass Settlement;

- Not appeal the final settlements in *Bowman* or *Glass*; and

- File a notice of claim in Glass and not opt out.

(Kaufmann Declaration ¶ 4 (emphasis added).)  In the fourth bulleted paragraph, Mr. Kaufmann clearly indicates that he already filed an objection in *Bowman*, will not file any "further" objections to that settlement, and will not file "an" objection in *Glass* — meaning that he had not filed any other objections in *Glass* previously.  Consequently, the Court should conclude that Mr. Kaufmann never filed an objection to the *Glass* Settlement.

Federal Rule of Civil Procedure 23(e)(4)(B) ("FRCP 23(e)(4)(B)") only applies to class member objections — not motions to intervene.  (*See* November 16th Order.)  Accordingly, the Court should not consider the concerns raised in Mr. Kaufmann's withdrawn Motion to Intervene because they are not "objections" to the proposed settlement and are not covered by FRCP 23(e)(4)(B).

**B.     Even If The Court Finds That Mr. Kaufmann Filed A Valid Objection To The Settlement It Should Approve His Request To Withdraw Any Such Objection.**

In 2003, FRCP 23 was amended to include paragraph (e)(4)(B), which states that an objection to a proposed class action settlement "may be withdrawn only with the court's approval."  The Advisory Committee Notes accompanying the amendment provide guidance for courts deciding whether to approve the withdrawal of objections to a proposed class action settlement:

> Approval under paragraph (4)(B) may be given or denied with little need for further inquiry if the objection and the disposition go only to a protest that the individual treatment afforded the objector under the proposed settlement is unfair because of factors that distinguish the objector from other class members.  Different considerations may apply if the objector has protested that the proposed settlement is not fair, reasonable, or adequate on grounds that apply generally

> to a class or subclass. *Such objections, which purport to represent class-wide interests, may augment the opportunity for obstruction or delay. If such objections are surrendered on terms that do not affect the class settlement or the objector's participation in the class settlement, the court often can approve withdrawal of the objections without elaborate inquiry.*

Adv. Comm. Notes, Fed. R. Civ. P. 23, subd. (e), para. (4) (2003 Amendments) (emphasis added). Essentially, the plain language of the Advisory Committee note stands for the following propositions:

> 1) where an objector objects on the grounds that they alone (as opposed to the entire class) were treated unfairly under the settlement, the Court may approve withdrawal with little inquiry;
>
> 2) where an objector objects on the grounds that the settlement is unfair to a large portion of the class, the Court should inquire into the withdrawal more carefully unless the objection "augment[s] the opportunity for obstruction and delay;" and
>
> 3) where an objector objects on the grounds that the settlement is unfair to a large portion of the class, the Court can approve withdrawal "without elaborate inquiry" if the withdrawal would not affect the terms of the class settlement or the objector's participation in the settlement.

Here, if the Court finds that Mr. Kaufmann has in fact objected to the settlement within the meaning of FRCP 23(e)(4)(B), it should allow Mr. Kaufmann to withdraw any such objections because they "augment the opportunity for obstruction and delay" and withdrawal would not affect the terms of the settlement or Mr. Kaufmann's participation.

**1.      The Court Should Grant Mr. Kaufmann's Motion To Withdraw Because His Objection Would "Augment The Opportunity For Obstruction Or Delay."**

Mr. Kaufmann's Motion to Intervene asks the Court to remove class counsel, consolidate the *Glass* settlement with the *Bowman* settlement, and appoint his counsel, John Halebian, as new class counsel. (Motion to Intervene.) According to Mr. Kaufmann's motion, his counsel would then reject the proposed settlements in both *Bowman* and *Glass*, engage in additional discovery, "aggressively prosecute the litigation," and attempt to negotiate an entirely new settlement. (*Id.*) Mr. Kaufmann's motion is the quintessential example of a motion which would "augment the opportunity for obstruction and delay." It proposes scrapping months of extensive discovery, exhaustive research, and intensive negotiation to go back to "square one"

1  and start all over again.  Such a course of action would cause months – perhaps years – of
2  needless delay.  Consequently, UBS requests that the Court apply the guidelines articulated in the
3  Advisory Committee Notes concerning FRCP 23(e)(4)(B) and allow Mr. Kaufmann to withdraw
4  his objections.

**2.     The Court Should Grant Mr. Kaufmann's Motion To Withdraw Because His Withdrawal Would Not Affect The Terms Of The Class Action Settlement Or His Participation In The Settlement**

7  If Mr. Kaufmann is permitted to withdraw his objections, the terms of the
8  settlement will remain unchanged.  There would be no class-wide implications for the absent
9  class members.  UBS did not agree to modify the terms of the class settlement in exchange for
10 Mr. Kaufmann's promise to withdraw his objections.  The Company merely agreed to forgive Mr.
11 Kaufmann's personal debt.  Not a single term, condition, or letter in the Settlement would change
12 as a result of Mr. Kaufmann withdrawing his objections.  Furthermore, UBS did not require Mr.
13 Kaufmann to exclude himself from the Settlement.  In fact, as part of his agreement with UBS,
14 Mr. Kaufmann agreed to file a claim form and opt-in to the settlement.  (Kaufmann Declaration ¶
15 4.)  Therefore, if the Court allows Mr. Kaufmann's to withdraw his objections his participation in
16 the settlement would not be affected — he would still receive compensation as a participating
17 class member.  (*Id.*)  Consequently, the Court should permit Mr. Kaufmann to withdraw his
18 objections "without elaborate inquiry" in accordance with the provisions of the Advisory
19 Committee Notes regarding FRCP 23(e)(4)(B).

20 **III.    CONCLUSION**

21 UBS respectfully requests that the Court issue an order finding that Mr. Kaufmann
22 did not file a valid "objection" to the proposed settlement or, in the alternative, that Mr.
23 Kaufmann's request to withdraw his objections is granted

CASE NO. C-06-4068 MMC                                -6-      DEFENDANT'S MEMORANDUM REQUESTING THE COURT ALLOW KAUFMANN TO WITHDRAW HIS OBJECTIONS

1  DATED: December 1, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
                       M. KIRBY C. WILCOX

Attorneys for Defendants
UBS FINANCIAL SERVICES INC.

LEGAL_US_W # 55112953.1

CASE NO. C-06-4068 MMC            -7-   DEFENDANT'S MEMORANDUM REQUESTING THE COURT ALLOW KAUFMANN TO WITHDRAW HIS OBJECTIONS