Kevin J. McInerney, Esq. (NY SBN KM-0163)
Charles A. Jones, Esq. (CA SBN 224915)
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:  (775) 849-3811
Facsimile:   (775) 849-3866
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH GLASS, DANTE DIFRANCESCO, RALPH CARBONE, AND DAVID BACHRACH,** individually, and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**UBS FINANCIAL SERVICES INC.,** a corporation; **UBS PAINE WEBBER,** a corporation; and **PAINE WEBBER GROUP INC.,** a corporation,<br><br>**Defendants.** | **CASE NO. C-06-4068 MMC**<br><br><br>**PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF LAWRENCE R KAUFMANN'S MOTION TO INTERVENE**<br><br><br><br>Judge:  Honorable Maxine M. Chesney<br>Ctrm:   7, 19th Floor |

On November 16, 2006, this Court entered an order allowing the plaintiffs and defendants to file memoranda addressing whether the Court should approve Lawrence R. Kaufmann's request to withdraw objections to the proposed settlement or deny his request and consider these objections at the January 19, 2007 fairness hearing.  A copy of the Court's order is attached as Exhibit A.

**I.**

**KAUFMANN NEVER FILED ANY OBJECTION IN <u>GLASS</u> THAT CONFORMED TO THIS COURT'S ORDER AND CLASS NOTICE.  HE ONLY FILED A MOTION TO INTERVENE.  IN <u>BOWMAN</u> HE DID FILE AN OBJECTION.**

---

1    The Court is correct in its order of November 16, 2006 that "Kaufmann's motion to

2  intervene contains various objections to the proposed settlement in the instant action."  However,

3  since the Court has ruled that the motion to intervene has been withdrawn, there is a question of

4  whether any objections therein were ever validly filed <u>as objections</u>.  A proper point of departure

5  is to review the requirements for filing objections as set forth in the "Notice of Pendency"

6  approved by the Court in its order of August 25, 2006 granting preliminary approval.  A copy of

7  the Notice is attached hereto as Exhibit B and a copy of the August 25, 2006 order as Exhibit C.

8    The first page of the Notice states in bold type:

9    IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR
     OBJECT TO THE SETTLEMENT, OR IF YOU DECIDE NOT TO
10   PARTICIPATE IN THE SETTLEMENT, YOU MUST FOLLOW THE
     DIRECTIONS IN THIS NOTICE.
11

12    Page 7 of the Notice sets forth very specific requirements for an objection to be

13  valid:

14
15    If you are dissatisfied with any of the terms of the Settlement, you may object
      to the Settlement.  Any objection to the Settlement must be in writing and must
      explain, in clear and concise terms, the basis for your objection.  In addition, in order
16    to be considered, your objection must be mailed via first class mail on or before
      November 14, 2006 to the following:
17

18    Office of the Clerk
      United States District Court, Northern District of California
19    450 Golden Gate Avenue, 16th Floor
      San Francisco, California  94102
20

21    Kevin J. McInerney
      McInerney and Jones
22    18124 Wedge Parkway, Suite 503
      Reno, NV 89511
23

      M. Kirby C. Wilcox
24    Paul, Hastings, Janofsky & Walker LLP
      55 Second Street, 24th Floor
25    San Francisco, CA  94105

26    Your objection must include your full name, address, date of birth, and dates
      of your employment at UBS and must reference this case, *Glass v. UBS Financial*
27    *Services Inc.*, Case No. C-06-4068.  In addition, your objection must indicate whether
      you intend to appear at the Final Approval Hearing scheduled for January 19, 2007 at

28

---

**PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF
LAWRENCE R. KAUFMANN'S MOTION TO INTERVENE**                          **Page 2**

9:00 a.m.  It is not necessary, however, for you to appear at this hearing to make an objection.

Any Class Member who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  If the Court rejects your objection, you will still be bound by the terms of the Settlement with respect to your non-FLSA claims in all instances and your FLSA claims if you submit a valid and timely Consent to Join Settlement Form, unless you also submit an Exclusion Form in the manner described in this Notice.  **PLEASE DO NOT TELEPHONE THE COURT, DEFENDANT'S COUNSEL, OR UBS.**

The document filed by Merrick Scott Rayle, Esq., on October 14, 2006 in <u>Bowman</u> and <u>Glass</u> as Document 37 describes Kaufmann as an "objector" in its caption, "Objector Lawrence R. Kaufmann's Notice of Motion to Intervene and Motion to Intervene, for Consolidation, and for Other Relief."  However, the attached documents do not state that they are an objection in the <u>Glass</u> action or ask that they be deemed an objection.  Indeed, the only objection included in the moving papers is the "Objection of Lawrence R. Kaufmann to Proposed Settlement and Notice of Intervention to Appear at Settlement" (See, Exhibit C in Document 40, Declaration of Merrick Scott Rayle).  In his declaration, attorney Rayle says this objection was "filed September 26, 2006 in the Bowman action" (Document 40, p. 2, l. 14-16).

Exhibit C (the Objection of Lawrence R. Kaufmann) was filed as Document 80 in the <u>Bowman</u> case only.  It properly complied with all the requisite requirements set forth in the <u>Bowman</u> class notice for objecting.  A copy of this Objection is attached to this Memorandum as Exhibit D.  A review of this objection underlines the reality that it relates <u>only</u> to <u>Bowman</u> and was not intended to relate, by reference or otherwise, to <u>Glass</u>.  For example, after stating that he objects to the <u>Bowman</u> settlement and intends to appear by counsel at that settlement hearing, Kaufmann states at the top of page two of his Objection, "Kaufmann also <u>expects to</u> object to the proposed settlement in the companion Glass et al, v. UBS Financial Services, Inc. (hereinafter "Glass – nationwide")…"

---

**PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF**
**LAWRENCE R. KAUFMANN'S MOTION TO INTERVENE**                              **Page 3**

1

2   This sentence that Kaufmann <u>expects to</u> file an objection in <u>Glass</u>, says it all

3   because no such later objection was ever filed; only a Motion to Intervene was filed.  This Court

4   is correct in its recent order that the Motion to Intervene contains objections but that motion is

5   now withdrawn and nowhere in the record are there any other "objections" denominated as such,

6   let alone ones conforming to the procedural and substantive requirements of this Court's order of

7   August 25, 2006 and embodied in the Class Notice.

8       Even within the Motion to Intervene, there is no even purported formal objection

9   to the <u>Glass</u> settlement or even one that complies with the Court ordered prerequisites of

10  an objection, which requires:

11      -   in clear and concise terms, the basis for objection.

12
    -   mailed via first class mail on or before November 14, 2006 to the Office of the
13      Clerk, Kevin J. McInerney, and M. Kirby C. Wilcox.

14      -   including the objector's full name, address, date of birth, and dates of
15          employment at UBS.

16      -   referencing this case <u>Glass v. UBS Financial Services</u>, Case No. C-06-4068.

17      -   indicating whether the objector intends to appear at the Final Approval
18          scheduled for January 19, 2007 at 9:00 a.m.

19      The Class Notice, in addition, warned: "Any class member who does not object to

20  the Settlement in the manner described above will be deemed to have waived any

21  objections and will be foreclosed from making an objection (whether by appeal or

22  otherwise) to the Settlement."  Clearly Kaufmann was aware of these requisites because

23  he complied with them in filing his objection in <u>Bowman</u>; the requisites for a proper

24  objection were identical in <u>Bowman</u> and in <u>Glass</u>.  It is also obvious that Kaufmann

25  recognized the distinction between an objection and a motion to intervene; in <u>Bowman</u> he

26  acknowledged this by filing both.

27

28

**PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF
LAWRENCE R. KAUFMANN'S MOTION TO INTERVENE**        **Page 4**

It does not take too much perception to see why Kaufmann never filed a timely objection in <u>Glass</u>.  If one looks at the chronology of events that are included in Kaufmann's Withdrawal, it becomes clear that before the deadline for objections in <u>Glass</u> Kaufmann had retained new counsel and suggested to UBS through that new counsel that he would drop his objection in <u>Bowman</u> and his Motion to Intervene in <u>Bowman</u> and <u>Glass</u> for forgiveness of his UBS loan balance (Kaufmann Declaration of November 10, 2006, ¶4, filed as Document 82 and attached hereto as Exhibit E).

**II.**

**KAUFMANN ACKOWLEDGES NEVER FILING
AN OBJECTION IN THE <u>GLASS</u> ACTION**

In his declaration in support of withdrawal (Document 82), Lawrence Kaufmann acknowledges that he never did file an objection in <u>Glass</u>.  In the fourth paragraph, he states that as part of his proposed deal he would:

- Withdraw with prejudice the "Objection of Lawrence R. Kaufmann to Proposed Settlement and Notice of Intention to Appear at Settlement Hearing" filed on September 21, 2006 in *Bowman*;
- Withdraw with prejudice the "Motion to Intervene, for Consolidation and for Other Relief" filed on October 13, 2006 in *Bowman* and *Glass*;
- Not file any other objections to the Proposed *Bowman* Settlement or to file <u>an objection</u> to the Proposed *Glass* Settlement; (emphasis added).

Thus, Kaufmann is not saying that he would not file a further objection or withdraw a previously filed objection in <u>Glass</u>.  Rather, he is saying he would not, in the future, file <u>an</u> objection.

The following paragraphs of his declaration state that these proposed terms were included in his Settlement Agreement with UBS which was reached on November 7, 2006.  The acknowledgment that no objection had been filed in <u>Glass</u> prior to that time is, of course, totally consistent with the earlier statement in his September objection in <u>Bowman</u> wherein it was stated

---

that Kaufmann "expects to object" to the <u>Glass</u> Settlement (See, Exhibit D to this Memorandum, specifically the top of pg. 2).

### III.

### THIS COURT SHOULD APPROVE KAUFMANN'S
### REQUEST TO WITHDRAW ANY OBJECTIONS

To the extent there were objections to the <u>Glass</u> settlement, they exist only in his earlier Motion to Intervene.  This Court's Order of November 16, 2006 (Exhibit A) considered that motion withdrawn upon Kaufmann's own request.

The pertinent 2003 amendment to Rule 23(e) was clearly to assure greater transparency in cases where an objector abandons or withdraws the objector.  A court should naturally be curious about the circumstances under which an objection, particularly one that was purportedly addressed to overall merits of that settlement, is withdrawn.  Here, Kaufmann has himself provided his motivation for withdrawing his objection by his declaration.  Indeed, he may have inferentially shed light on why he initially filed the Motion to Intervene.  He has stated that he wished to resolve a significant personal claim UBS had been pursuing against him for three years.  To accomplish this he suggested that he would abandon his objection in <u>Bowman</u>, would abandon his intervention motions in <u>Bowman</u> and <u>Glass</u>, and would not file an objection in <u>Glass</u>.  There is no evidence that suggests that this is not exactly what happened.

Rule 23(e)(4)(A) requires court approval of the withdrawal of an objection but the Advisory Committee Notes state:

> Approval under paragraph (4)(B) may be given or denied with little need for further inquiry if the objection and the disposition go only to a protest that the individual treatment afforded the objector under the proposed settlement is unfair because of factors that distinguish the objector from other class members. Different considerations may apply if the objector has protested that the proposed settlement is not fair, reasonable, or adequate on grounds that apply generally to a class or subclass.  Such objections, which purport to represent class-wide interests, may augment the opportunity for <u>obstruction or delay</u>.  If such objections are surrendered on terms that <u>do not affect the class settlement or the</u>

1   <u>objector's participation</u> in the class settlement, the court often can approve
2   withdrawal of the objection without elaborate inquiry. (Emphasis added.)

3   Certainly, Attorney Halebien's pleadings were calculated to obstruct and delay.  He

4   requested that he be appointed as class counsel, that the proposed settlement be rejected, and that

5   he be given reign to litigate against UBS.  Here Kaufmann has surrendered any objections on

6   terms that do not affect the class settlement.  Nothing has changed in the terms or timing of our

7   proposed settlement.  Finally, the terms of his withdrawal do not affect his own participation in

8   the settlement.  Before he withdrew, Kaufmann was entitled to file a claim and a Consent to Join.

9   After his withdrawal he has done so. While he has resolved his own individual problem with

10   UBS, he is not getting a dime more or a dime less from the settlement than he could have before

11   
12   he filed his intervention motion or during its pendency.

13   Under these circumstances the Notes indicate "the court can often approve withdrawal of

14   the objections without elaborate inquiry". Because the circumstances of his withdrawal have

15   been detailed by Kaufmann himself in a declaration, by a letter from his attorney George L.

16   Mahr III, and by a declaration of Vincent P. Browne, Deputy General Counsel of UBS

17   (Document 82), it is respectfully submitted that this court can approve that withdrawal with no

18   
19   further inquiry.

20   
21   Dated: December 1, 2006                    Respectfully Submitted,

22   MCINERNEY & JONES

23   

24   By  /s/_____

25   Kevin J. McInerney, Esq. (NY SBN KM-0163)
     *Attorneys for Plaintiffs*

26   
27   
28   

**PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF**
**LAWRENCE R. KAUFMANN'S MOTION TO INTERVENE**                    **Page 7**

1

**PROOF OF SERVICE**

2

I, the undersigned, declare as follows:

3

I am employed in the County of Washoe, State of Nevada.

4

I am over the age of eighteen (18) years and not a party to the within action; my business address
is 18124 Wedge Parkway, #503, Reno Nevada, 89511.

5

6

On December 1, 2006, I served the foregoing document(s) described as:

7

      **PLAINTIFFS' MEMORANDUM ON WITHDRAWAL OF LAWRENCE R.
      KAUFMANN'S MOTION TO INTERVENE**

8

on all interested parties in this action addressed to the addressee as follows:

9

10

**M. Kirby C. Wilcox**
Paul Hastings Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
Email: kirbywilcox@paulhastings.com

**John Halebian**
Lovell Stewart Halebian LLP
500 Fifth Avenue, 58th Floor
New York, NY 10110
Email: jhalebian@lshllp.com

11

12

**Merrick Scott Rayle**
Lovell Stewart Halebian LLP
212 Wood Street
Pacific Grove, CA 93950-3227
Email: mrayle@lshllp.com

**Christopher K. Leung**
New York State Office of the Attorney
General
120 Broadway, 25th Floor
New York, NY 10271
Email: Christopher.Leung@oag.state.ny.us

13

14

15

16

 **X**  (By E-File) and causing a true copy thereof to be filed electronically.  Notice of this filing
will be sent to all parties by operation of the Court's electronic filing system.  Parties may access
this filing through the Court's system.

17

18

      Executed on December 1, 2006, at Reno, Nevada.

19

20

                      /s/

21

                      Belinda Watson

22

23

24

25

26

27

28

---