IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> UBS FINANCIAL SERVICES, INC., et al., <br><br>  Defendants. <br> _____ / | No. C-06-4068 MMC <br><br> **ORDER (1) GRANTING MOTIONS TO STRIKE D'ARIA MEMORANDUM FILED IN RESPONSE TO COURT'S ORDER RE: LAWRENCE R. KAUFMANN'S WITHDRAWAL OF OBJECTIONS TO PROPOSED SETTLEMENT; (2) GRANTING APPROVAL OF LAWRENCE R. KAUFMANN'S WITHDRAWAL OF OBJECTIONS TO SETTLEMENT** <br><br> (Docket Nos. 106, 121) |

On November 15, 2006, the Court received, from an attorney representing proposed intervenor Lawrence R. Kaufmann ("Kaufmann"), a letter dated November 13, 2006, along with Kaufmann's declaration, by which documents Kaufmann sought to withdraw his motion to intervene in the instant action. By order issued November 16, 2006, the Court deemed the motion to intervene withdrawn, but noted that the motion also contained objections to the proposed class action settlement and that such objections "may be withdrawn only with the court's approval." See Fed. R. Civ. P. 23(e)(4)(B). In its November 16, 2006 order, the Court afforded "the parties" the opportunity to brief the issue of whether the Court should approve Kaufmann's withdrawal of his objections to the proposed settlement. (See Order re: Lawrence R. Kaufmann's Withdrawal of Motion to Intervene and Objection to Settlement, filed Nov. 16, 2006, at 1.)

On December 1, 2006, plaintiffs and defendants, respectively, filed separate

responses to the Court's November 16, 2006 order, arguing, in each instance, that the Court should permit Kaufmann to withdraw his objections.  Also on that date, Kaufmann's former counsel of record filed a memorandum on behalf of class member Anthony D'Aria ("D'Aria") along with an accompanying declaration from counsel (collectively, "D'Aria memorandum"), arguing that the Court should not permit Kaufmann to withdraw his objections.

On December 1, 2006, plaintiffs filed a motion to strike the D'Aria memorandum.  On December 11, 2006, defendants filed a separate motion to strike the D'Aria memorandum.  On December 29, 2006, D'Aria filed a consolidated opposition to the motions to strike, and, on January 5, 2007, UBS filed a reply.[1]

The Court will GRANT the motions to strike the D'Aria memorandum, for two reasons.  First, D'Aria, as a member of the class, is represented by plaintiffs' counsel; when the Court sought the parties' comments on the propriety of permitting Kaufmann to withdraw his objections, the Court did not invite the filing of individual briefs by members of the class.  Second, D'Aria did not submit a timely objection to the proposed settlement[2] and, by the instant memorandum, is expressly endeavoring to adopt Kaufmann's objections as his own; the Court has already denied D'Aria's request for such relief.  (See Order Denying Anthony D'Aria's Motion to Join or be Substituted for Lawrence R. Kaufmann, filed Nov. 16, 2006, at 2.)

Turning to the issue of whether Kaufmann's withdrawal of his objections to the proposed settlement should be approved, the Court first finds, contrary to the arguments of both plaintiffs and defendants, Kaufmann's objections were timely.  Although Kaufmann did not separately file his objections in the format set forth in the Class Notice, he substantially complied with the Class Notice by submitting those objections in his motion to intervene,

---

[1] Plaintiffs have not filed a reply.

[2] Indeed, rather than file an objection, D'Aria submitted a consent form authorizing plaintiffs' counsel to act on his behalf, as well as a claim form, by which D'Aria sought to participate in the proposed settlement.  (See Wilcox Reply Decl. Exs. A and B.)

2

which was filed prior to the deadline for objecting to the settlement.  As Rule 23(e)(4)(B) does not limit its applicability to objections made only in a particular format, the Court finds said Rule is applicable to Kaufmann's request to withdraw.

As noted, pursuant to Rule 23(e)(4)(B), a class member's objection to a proposed settlement "may be withdrawn only with the court's approval."  See Fed. R. Civ. P. 23(e)(4)(B).  The Rule itself does not set forth the circumstances under which such approval may be given, nor is there any controlling authority on the issue.  The Advisory Committee Notes, however, provide the following guidance:

> Subdivision (e)(4)(B) requires court approval for withdrawal of objections made under subdivision (e)(4)(A). Review follows automatically if the objections are withdrawn on terms that lead to modification of the settlement with the class. Review also is required if the objector formally withdraws the objections. If the objector simply abandons pursuit of the objection, the court may inquire into the circumstances.
>
> Approval under paragraph (4)(B) may be given or denied with little need for further inquiry if the objection and the disposition go only to a protest that the individual treatment afforded the objector under the proposed settlement is unfair because of factors that distinguish the objector from other class members. Different considerations may apply if the objector has protested that the proposed settlement is not fair, reasonable, or adequate on grounds that apply generally to a class or subclass. Such objections, which purport to represent class-wide interests, may augment the opportunity for obstruction or delay. If such objections are surrendered on terms that do not affect the class settlement or the objector's participation in the class settlement, the court often can approve withdrawal of the objections without elaborate inquiry.

See Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 Amendments.

Here, Kaufmann's objections were made on grounds that apply generally to the class.  Although those objections were withdrawn on terms that did not directly affect the terms of the class settlement or Kaufmann's participation therein, Kaufmann did obtain a personal benefit, forgiveness of a loan, in exchange for withdrawing.  (See Kaufmann Decl., filed Nov. 15, 2006, ¶¶ 2-4.)[3]  Nevertheless, Kaufmann is not the sole objector, and the

---

[3] There is no admissible evidence to support D'Aria's contention that UBS first approached Kaufmann to induce him to withdraw.  Rather, the evidence is to the contrary. (See id.; see also Notice of Lawrence R. Kauffman's Withdrawn Objection to Proposed Settlement Ex. C (Browne Decl.), filed Nov. 14, 2006, ¶¶ 2-6.)  The Court sustains defendants' objection to the hearsay declaration of Kenneth Lehn, filed December 15, 2006, in support of D'Aria's motion to intervene.

Court has before it, as submitted by other class members and, as amicus, by the Attorney General of the State of New York, largely the same arguments against the proposed settlement that were asserted by Kaufmann. Under such circumstances, the Court finds it appropriate to allow Kaufmann to withdraw his objections.

Accordingly, for the reasons set forth above,

1. Plaintiffs' and defendants' motions to strike the D'Aria memorandum are hereby GRANTED.

2. Kaufmann's withdrawal of his objections to the proposed settlement is hereby APPROVED.

This order terminates Docket Nos. 106 and 121.

**IT IS SO ORDERED.**

Dated: January 17, 2007

MAXINE M. CHESNEY
United States District Judge