*(Counsel of Record are Listed on Next Page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, DANTE DIFRANCESCO, RALPH CARBONE, AND DAVID BACHRACH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C-06-4068 MMC<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL; JUDGMENT**<br><br>Date:   January 19, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 7, 19th Floor<br><br>Judge:  Hon. Maxine M. Chesney |

| | |
|---|---|
| 1 | KEVIN J. McINERNEY (NYS #KM0163) |
|   | CHARLES A. JONES (CA SB# 224915) |
| 2 | McINERNEY AND JONES |
|   | 18124 Wedge Parkway, Suite 503 |
| 3 | Reno, NV 89511 |
|   | Telephone:  (775) 849-3811 |
| 4 | Facsimile:  (775) 849 3866 |
| 5 | MICHAEL SHEN (MS5714) |
|   | MICHAEL SHEN & ASSOCIATES, P.C. |
| 6 | 225 Broadway, Suite 2515 |
|   | New York, NY 10007 |
| 7 | Telephone:  (212) 227-0300 |
|   | Facsimile:  (212) 227-2714 |
| 8 | |
|   | JEFFREY DONOFRIO (ct07738) |
| 9 | CIULLA & DONOFRIO |
|   | 127 Washington Ave. |
| 10 | North Haven, CT 06473 |
|    | Telephone:  (203) 239-9828 |
| 11 | Facsimile:  (203) 234-0379 |
| 12 | Attorneys for Plaintiffs |
| 13 | M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com |
|    | MICHAEL M. PFYL (SB# 240925) michaelpfyl@paulhastings.com |
| 14 | MOLLY A. HARCOS (SB# 233556) mollyharcos@paulhastings.com |
|    | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 15 | 55 Second Street |
|    | Twenty-Fourth Floor |
| 16 | San Francisco, CA  94105-3441 |
|    | Telephone:  (415) 856-7000 |
| 17 | Facsimile:  (415) 856-7100 |
| 18 | Attorneys for Defendant |
|    | UBS FINANCIAL SERVICES INC. |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CASE NO. C-06-4068 MMC  
LEGAL_US_W # 55316029.1

-2-

[PROPOSED] ORDER GRANTING
JOINT MOTION FOR FINAL APPROVAL

On January 19, 2007 at 9:00 a.m., the Court heard the joint motion by defendant UBS Financial Services Inc. ("UBS") and plaintiffs Joseph Glass, Dante DiFrancesco, Ralph Carbone, and David Bachrach ("Plaintiffs") for final approval of the proposed class action settlement in the instant action. After reviewing the parties' written submissions, and after hearing arguments of counsel, the Court finds and orders as follows:

1. All terms used in this order ("Final Order") shall have the same meaning as defined in the Parties' "Amended Joint Stipulation of Settlement And Release Between Plaintiffs Joseph Glass, Dante DiFrancesco, Ralph Carbone, and David Bachrach and Defendant UBS Financial Services Inc." ("Settlement"), a copy of which is attached hereto as **Exhibit A.**

2. This Court has jurisdiction over the subject matter of the Instant action and over all parties, including all Class Members.

3. Pursuant to the Court's "Order Granting Preliminary Approval Of Settlement And Setting Final Approval Hearing" dated August 25, 2006 ("Preliminary Approval Order"), the Court preliminarily certified the following class for settlement purposes (the "Class"):

> **ALL CURRENT AND FORMER EMPLOYEES OF UBS FINANCIAL SERVICES INC. ("UBS") WHO WERE EMPLOYED BY UBS OUTSIDE THE STATE OF CALIFORNIA AS FINANCIAL ADVISORS AND/OR NEW FINANCIAL ADVISORS OR FINANCIAL ADVISOR TRAINEES DURING ALL OR PART OF THE APPLICABLE PERIOD FOR THE STATE OR TERRITORY IN WHICH THEY WERE EMPLOYED BY UBS, AS SET FORTH IN EXHIBIT E TO THE AMENDED JOINT STIPULATION OF SETTLEMENT AND THE NOTICE OF PENDENCY OF CLASS ACTION.**

The Class is now finally and conclusively certified for settlement purposes.

4. In accordance with the Preliminary Order, the parties caused to be mailed the following: (1) Notice of Pendency of Class Action And Opportunity to Opt In, Proposed Settlement And Hearing Date For Court Approval; (2) Consent to Join Settlement Form; (3) Claim Form; and (4) Exclusion Form (collectively the "Notice Materials"). The Notice Materials were sent via first class mail within the time mandated in the Preliminary Approval Order, and adequately informed the Class of: (1) the pendency of the proposed Settlement; (2) all material

1  elements of the proposed Settlement; (3) the January 19, 2007 hearing date for final approval of
2  the Settlement; and (4) the opportunity to be excluded from the proposed Class or otherwise
3  object to the proposed Settlement.  David C. Holland of Rust Consulting, Inc., the Claims
4  Administrator, filed a declaration with the Court on January 5, 2007, concerning the
5  dissemination of the Notice Materials and the status of claims and objections.

6        5.     The Notice Materials provided due and adequate notice to Class Members
7  and constitute the best notice practicable and possible under the circumstances.  The proof of
8  dissemination filed with the Court demonstrates that this Court's orders have been complied with
9  in regard to the Notice Materials and preliminary approval of the Settlement, and further, that the
10 best notice practicable and possible under the circumstances was in fact given and constituted
11 valid, due, and sufficient notice to members of the Class, complying fully with all applicable
12 statutes and laws.

13        6.     In accordance with Class Action Fairness Act requirements, the parties
14 caused to be mailed a copy of the Notice Materials and a complete list of the Class Members to
15 the Attorneys General in each of the 50 jurisdictions encompassed by the Settlement.

16        7.     The Attorney General of New York filed a Motion to Appear As *Amicus*
17 *Curiae* To Comment on the Proposed Class Action.  The Court granted the motion.

18        8.     Eight Class Members and the Attorney General of the State of New York
19 have objected to the Settlement.  The Court rejects these objections.

20        9.     Additionally, Class Member Lawrence R. Kaufmann, filed a Motion to
21 Intervene in the Instant action through his attorney Lovell Stewart Halebian, LLP, which motion
22 contained objections to the settlement.  Kaufmann withdrew his motion, and the Court permitted
23 Kaufmann to withdraw the objections contained therein.  The Court further denied the motion of
24 Anthony D'Aria to substitute for Lawrence R. Kaufmann as an objector and/or intervenor.  The
25 Court also denied Anthony D'Aria's motion to intervene.

26        10.    The Court finds that the Settlement was the product of arms-length
27 negotiations between experienced counsel, assisted by a respected mediator. The Court finds that
28 the Settlement is fair, reasonable, and adequate, and hereby grants final approval to the

Settlement. In so doing, the Court has thoroughly considered such factors as: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Plaintiffs and Defendant are ordered to carry out the terms of the Settlement.

11. Defendant shall pay the claims presented by the claim procedure described in the Settlement. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement.

12. The Class is bound by the release and waiver listed in Paragraphs 48 and 49 of the Settlement, respectively, and this Final Order, which Final Order shall have the force and effect of *res judicata* as to them.

13. The class representatives, Joseph Glass, Dante DiFrancesco, Ralph Carbone, and David Bachrach, are bound by the release and waiver listed in Paragraphs 50 and 51 of the Settlement, respectively, and this Final Order, which Final Order shall have the force and effect of *res judicata* as to them.

14. The Settlement is not an admission by UBS nor is this Final Order a finding of the validity of any claims in the Instant action or any wrongdoing by UBS. In addition, the Settlement is not an admission nor is this Final Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case. Furthermore, neither the Settlement, nor any document, statement, proceeding or conduct related to the settlement or the Settlement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to UBS, including, but not limited to, evidence of a presumption, concession, indication or admission by UBS of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against UBS, in any further proceeding in the instant action, or any other civil, criminal or administrative action or proceeding

1 | except for purposes of effectuating the Settlement.  However, the Settlement may be admitted in
2 | evidence and otherwise used in any and all proceedings to enforce any or all terms of the
3 | Settlement, or in defense of any claims released or barred by the Settlement.

4 |        15.    The claims alleged in the Complaint are hereby dismissed with prejudice,
5 | provided, however, and without affecting the finality of this Final Order in any way, this Court
6 | retains continuing jurisdiction over the interpretation, implementation, administration and
7 | enforcement of the terms of the Settlement.

8 |        16.    This Final Order is deemed final entry of judgment as defined by Federal
9 | Rule of Civil Procedure 58(a)(1).

10 |       IT IS SO ORDERED.

11 | DATED: January 26, 2007

          _____
12 |          HONORABLE MAXINE M. CHESNEY
         UNITED STATES DISTRICT JUDGE