IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BOWMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C-04-3525 MMC<br><br>**ORDER DENYING BOWMAN PLAINTIFFS' MOTION REQUESTING REFERRAL OF ATTORNEYS LOVELL STEWART HALEBIAN LLP AND JOHN HALEBIAN TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; VACATING HEARING**<br><br>(Docket Nos. 170, 185) |
| JOSEPH GLASS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UBS FINANCIAL SERVICES, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-06-4068 MMC<br><br>**ORDER DENYING GLASS PLAINTIFFS' MOTION TO REFER THE LAW FIRM OF LOVELL STEWART HALEBIAN LLP AND ATTORNEY JOHN HALEBIAN TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT PURSUANT TO CIVIL LOCAL RULE 11-6; VACATING HEARING**<br><br>(Docket Nos. 249, 272) |

　　　　Before the Court is (1) the Bowman plaintiffs' "Motion Requesting Referral of Attorneys Lovell Stewart Halebian LLP and John Halebian to Standing Committee on Professional Conduct," filed February 27, 2007; and (2) the Glass plaintiffs' "Motion to Refer the Law Firm of Lovell Stewart Halebian LLP and Attorney John Halebian to the Standing Committee on Professional Conduct Pursuant to Civil Local Rule 11-6," filed March 1, 2007. Lovell Stewart Halebian LLP and John Halebian have filed a single opposition to the two motions; the Bowman and Glass plaintiffs have filed separate replies. Having reviewed the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, see Civil L.R. 7-1(b),

hereby VACATES the May 4, 2007 hearing, and rules as follows.

Civil Local Rule 11-6 provides, in relevant part: "In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, the Judge may . . . [r]efer the matter to the Court's Standing Committee on Professional Conduct[.]" See Civil L.R. 11-6(a). Although the issues raised in the instant motions warranted further inquiry, the Court is satisfied with the explanations set forth in the Declaration of John Halebian and finds the conduct described in the instant motions, although arguably overzealous, is not of such character as to justify referral to the Standing Committee on Professional Conduct.

Accordingly, the motions are hereby DENIED.

This order terminates Docket Nos. 170 and 185 in Case No. 04-3525, and Docket Nos. 249 and 278 in Case No. 06-4068.

**IT IS SO ORDERED.**

Dated: May 1, 2007

MAXINE M. CHESNEY
United States District Judge

2