IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, et al., | No. C-06-4068 MMC |
| Plaintiffs, | **ORDER RE: LETTER FROM CLAIMANT MARK R. HURWITZ; DIRECTIONS TO PARTIES** |
| v. | |
| UBS FINANCIAL SERVICES, INC., | |
| Defendants / | |

The Court is in receipt a letter from claimant Mark R. Hurwitz ("Hurwitz"), dated December 14, 2009 and filed December 15, 2009. In his letter, Hurwitz, who states he was referred to the Court by counsel for one of the parties hereto, requests that he be "approved for inclusion," which request the Court construes as a request that the claim form he submitted to the Claims Administrator be approved.

According to emails and other documentation attached to Hurwitz's letter, (1) Hurwitz did not receive the claim form sent to him in 2006 because he had moved from the address in defendants' files (see Letter, sixth unnumbered page attached thereto); (2) in 2008, Hurwitz, having belatedly learned of the settlement in the above-titled action, contacted the office of Kevin McInerney ("McInerney"), counsel for plaintiffs,[1] and was

---

[1] In his letter, Hurwitz refers to McInerney as counsel for defendants, but, in fact, McInerney represents the class.

advised to send a claim form to the Claims Administrator along with an explanation as to why the form was being submitted late (see id.); (3) on or about August 2, 2008, Hurwitz sent to the claims administrator his claim form and explanation (see id., first through fourth unnumbered pages attached thereto); (4) on December 11, 2009, Hurwitz contacted McInerney's office to request the Court's address, having been told by McInerney the night before, according to Hurwitz, that Hurwitz should "write" to the Court and "explain [Hurwitz's] circumstance" (see id., eighth unnumbered page attached thereto); and (5) on December 14, 2009, a paralegal in McInerney's office provided Hurwitz with the Court's address, stating, "I wish you the best of luck" (see id.).  Additionally, Hurwitz's letter states that between August 2, 2008 and December 11, 2009, he had contacted McInerney, apparently on multiple occasions, about the status of his claim form and was advised that "the case was pending appeal" and that "they would not know about [Hurwitz's] inclusion until that was resolved." (See Letter at 1.)  Further, Hurwitz's letter continues, "Now that this is out of appeal, I was instructed to write to you."  (See id. at 2.)

The Court's order approving the parties' Amended Joint Stipulation of Settlement and Release ("Settlement") provides that the Court "retains continuing jurisdiction over the interpretation, implementation, administration and enforcement of the terms of the Settlement." (See Order Granting Joint Mot. for Final Approval; Judgment, filed January 27, 2007, ¶ 15.)  The Settlement provides that the "Claims Administrator will timely notify claimants whose claims are untimely or denied for other reasons." (See Settlement, filed August 21, 2006, ¶ 46.)  The Settlement agreement also provides that "[t]he parties shall use their best efforts . . . to effectuate the terms of [the] Settlement."  (See id. ¶ 56.)

The precise nature of any controversy that may exist between Hurwitz and either or both of the parties is not clear.  Specifically, it is unclear whether the Claims Administrator has notified Hurwitz that his claim has been denied or whether the Claims Administrator has failed to take any action on the claim, whether at the request of any party or otherwise. Nor is it clear why plaintiff's counsel was of the view that Hurwitz should directly contact the Court, instead of the parties' themselves using their best efforts to resolve any controversy

that may exist.

    Accordingly, the Court hereby DIRECTS the parties to meet and confer, no later than January 8, 2010, for the purpose of determining what action, if any, has been taken by the Claims Administrator regarding Hurwitz's claim.  Further, the Court hereby DIRECTS the parties to file and serve on Hurwitz, no later than January 22, 2010, a joint statement advising the Court as to the status of Hurwitz's claim.  If the claim has not been approved, the parties should provide a copy of the notice of denial sent to Hurwitz by the Claims Administrator, and, further, should state why, in light of the particular facts presented, the claim should not be approved.  See, e.g., In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127-28 (9th Cir. 1977).  Alternatively, if the claim remains pending, the parties should provide the reason(s) the Claims Administrator has been unable to make a determination, and what specific steps the parties intend to take to resolve the matter.

    **IT IS SO ORDERED.**

Dated: December 18, 2009

MAXINE M. CHESNEY  
United States District Judge