M. KIRBY C. WILCOX (SB# 078576)
kirbywilcox@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.


KEVIN J. McINERNEY (NYS #KM0163)
kevin@mcinerneylaw.net
CHARLES A. JONES (CA SB# 224915)
McINERNEY AND JONES
18124 Wedge Parkway, Suite 503
Reno, NV 89511
Telephone:  (775) 849-3811
Facsimile:  (775) 849 3866

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLASS, DANTE DIFRANCESCO, RALPH CARBONE, AND DAVID BACHRACH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBS FINANCIAL SERVICES INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C-06-4068 MMC<br><br>**PROOF OF SETTLEMENT PAYMENTS** |

Case No. 06-04068 MMC                                    PROOF OF SETTLEMENT PAYMENTS

## I. INTRODUCTION

UBS submits this pleading as proof that it has made – or will make – all settlement payments in this case in full compliance with the Amended Joint Stipulation of Settlement and Release Between Plaintiff Joseph Glass, Dante DiFrancesco, Ralph Carbone and David Bachrach and Defendant UBS Financial Services Inc ("Joint Stipulation").

## II. FACTS

### A. Terms of the Court's Orders

Paragraph 11 of the Court's Order Granting Joint Motion for Final Approval; Judgment dated January 26, 2007 states that:

> Defendant shall pay the claims presented by the claim procedure described in the Settlement. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the settlement.

Paragraphs 43 – 47 of the Joint Stipulation provide that:

> 43. The Claims Administrator will certify jointly to Class Counsel and UBS's counsel which Claim Forms and Exclusion Forms were timely or untimely filed.
>
> 44. The Claims Administrator shall report, in summary or narrative form, the substance of any discrepancies between the dates of employment submitted by the Class Member on the Claim Form and UBS's records. The Claims Administrator shall be granted reasonable access to UBS's records in order to perform its duties. In the event of any dispute over a Class Member's dates of employment in a Covered Position, the parties will meet and confer in good faith in an effort to resolve the dispute, and if the parties are unable to reach an agreement, the Claims Administrator shall decide the dispute, and its decision will be final.
>
> 45. The Claims Administrator will submit a list of timely, non-fraudulent claims and the calculation of the amounts due to each Class Member pursuant to this Settlement.
>
> 46. The Claims Administrator will timely notify claimants whose claims are untimely or denied for other reasons, *e.g.*, the claimant is not a member of the Class because the claimant did not hold one of the Covered Positions during the Covered Period.

        47.    UBS shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes. UBS will file proof of payment with the Court and will serve Class Counsel with a copy within thirty (30) days of the Settlement Effective Date.

The Joint Stipulation does not set precise dates for the completion of these tasks. The parties has treated their completion as dependent upon the Effective Date of the Joint Stipulation – i.e., the last date for any appeal of the settlement. The United Stated Supreme Court denied review of the last appeals of the settlement on December 7, 2009. The Claims Administrator, Rust Consulting, and the parties began the final steps to complete their obligations under Paragraphs 43 – 47 of the Joint Stipulation on that date.

**B.    Compliance Steps**

    **1.    Compliance with Joint Stipulation Paragraphs 43 and 45**

By email to counsel for UBS and to Class Counsel dated January 14, 2010 bearing the subject line "Glass v UBS – Rust's Obligation Under Paragraph 43 and 45 of Joint Stipulation," the Claims Administrator, Rust Consulting, provided an Excel Spreadsheet that listed: (1) timely and untimely Claim Forms; (2) timely and untimely Exclusion Forms; and (3) the individual values of all timely claims. There are two bullets within that email. (Declaration of M. Kirby C. Wilcox ("Wilcox Declaration"), at ¶ 5.)[1]

The first bullet is an abbreviated reference to the fact that 40 Class Members worked in more than one state during the Covered Period. Originally, Rust had calculated the claim shares for these Class Members using the Work Months for only one of their work states. Counsel for UBS instructed Rust to recalculate the claim shares for these 40 Class Members to reflect the value of all Work Months for all states in which they worked during the Covered

---

[1] UBS has not attached the Excel spreadsheets that Rust included with this and other messages, because the Joint Stipulation does not require the identification of specific individuals (only proof of compliance with the Court-ordered process) and UBS does not want to run afoul of any privacy concerns. If the Court wishes to review the spreadsheets, UBS is willing to file them under seal.

Case No. C-06-4068 MMC        -2-        PROOF OF SETTLEMENT PAYMENTS

1  Period and to mail them supplemental checks.  The first bullet confirms Rust's intent to comply
2  with that instruction.
3
4          The second bullet is an abbreviated reference to the fact that 25 Class Members
5  submitted Consent to Joint ("CTJ Forms") forms to Class Counsel for which Rust had no record
6  but which the Class Members had properly submitted.  Absent those forms, Rust had treated the
7  claims of these Class Members as deficient and had denied them.  Given the recent clarification
8  regarding the timeliness of those CTJ Forms, Counsel for UBS and Class Counsel instructed Rust
9  to treat the claims of these 25 Class Members as valid and to pay them.  The second bullet
10 confirms Rust's intent to comply with that instruction.[2]
11
12         Once Rust makes the payments identified in the first and second bullets in its
13 email dated January 14, 2010 regarding paragraphs 43 and 45 of the Joint Stipulation, UBS
14 understands and believes that it (through Rust) will have fully performed its obligations under
15 those paragraphs.[3]
16
17     **2.**      **Compliance with Joint Stipulation Paragraph 44**
18         By email to counsel for UBS and to Class Counsel dated January 14, 2010 bearing
19 the subject line "Glass v UBS – Rust's Obligation Under Paragraph 44 of Joint Stipulation," Rust
20 identified four Class Members who made timely claims but who disputed the Work Months
21 within the Covered Period that UBS had reported to Rust.  (Wilcox Declaration, at ¶ 6.)  By email
22 to counsel for UBS and to Class Counsel dated January 21, 2010 bearing the subject line "Glass v
23 UBS – Rust's Obligation Under Paragraph 44 of Joint Stipulation – Revised," Rust identified one

---

[2] Since the date of the January 14, 2010 email, Rust and Class Counsel, working together, have located three additional CTJ Forms that were timely filed.  UBS has instructed Rust to pay those claims.  (Wilcox Declaration, at ¶¶ 9 and 10.)  Should Rust and/or Class Counsel locate timely filed CTJ Forms for Class Members whose claims have been denied for lack of a CTJ Form, UBS will instruct Rust to pay those claims.

[3] The current list of untimely filers includes Mark R. Hurwitz.  For the reasons set forth in its pleading entitled "Joint Statement Regarding The Status Of Claim Of Mark R. Hurwitz," UBS will pay Mr. Hurwitz his requested claim share.

Class Member who made a timely claim but who also disputed the Work Months within the Covered Period that UBS had reported to Rust. (Wilcox Declaration, at ¶ 9.) Each of those Class Members provided documents that proved that they had worked in Covered Positions for longer periods of time. In each instance, the explanation was that the Class Member had held (or appeared to have held) a non-Covered Position and a Covered Position with the Covered Period, and the records supplied by the Class Members permitted UBS to pinpoint the covered and non-covered timeframes more accurately. Counsel for UBS instructed Rust to accept the documentation from these Class Members as accurate and to increase their claim shares accordingly. Rust intends to send these individuals additional payments pursuant to this instruction. Once Rust makes these payments, UBS understands and believes that it (through Rust) will have fully performed its obligations under paragraph 44 of the Joint Stipulation.

### 3. Compliance with Joint Stipulation Paragraph 46

By email to counsel for UBS and to Class Counsel dated January 14, 2010 bearing the subject line "Glass v UBS – Rust's Obligation Under Paragraph 46 of Joint Stipulation," Rust identified 86 Class Members whose claims were deficient. (Wilcox Declaration, at ¶ 7.) The deficiencies were of four types: (1) a missing copy of some form of photo identification ("missing ID"); (2) a missing social security number ("missing SSN"); (3) a missing Consent to Joint Form ("missing CJT"); and (4) a missing signature ("missing Signature"). UBS is informed and believes that Rust sent each of these individuals cure letters and that these deficiencies were not corrected. Therefore, Rust plans to deny these claims.[4]

UBS and Class Counsel believe that Rust has deemed these claim forms deficient for good and sufficient reasons. UBS, therefore, understands and believes that it will have fully performed its obligations under paragraph 46 of the Joint Stipulation if Rust does not pay these claims.

---

[4] These deficient claim forms are in addition to the 47 untimely claim forms discussed above.

### 4. Compliance with Joint Stipulation Paragraph 47

By email to counsel for UBS dated January 14, 2010 bearing the subject line "Glass v UBS – Rust's Obligation Under Paragraph 47 of Joint Stipulation," Rust attached a list of all Class Members, parties and counsel who have or will receive payments under the Joint Stipulation. (Wilcox Declaration, at ¶ 8.)

Please note that Rust already has made most of the required payments under the Joint Stipulation, and that the only outstanding payments are those identified above in connection with paragraphs 43 – 45 of the Joint Stipulation. (Declaration of Jonathan Paul.) UBS understands and believes that it will have fully performed its obligations under paragraph 47 of the Joint Stipulation once Rust completes the identified payments.

## III. CONCLUSION

For all of these reasons, UBS respectfully requests that the Court hold that it has fully and properly implemented its obligations under paragraphs 43 – 47 of the Joint Stipulation.

DATED:  January 22, 2010                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  /s/ M. Kirby C. Wilcox
       M. KIRBY C. WILCOX

Attorneys for Defendant
UBS FINANCIAL SERVICES INC.

DATED:  January 22, 2010                    McINERNEY & JONES

By:  /s/ Kevin J. McInerney
       KEVIN J. McINERNEY

Attorneys for Plaintiffs

LEGAL_US_W # 63671562.2

Case No. C-06-4068 MMC                    -5-                    PROOF OF SETTLEMENT PAYMENTS